IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ashley Uptegraft,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Zachary Leon Shepherd, Individually & Lin R. Rogers Electrical Contractors, Inc., d/b/a Rogers Electric<br><br>　　　　Defendants. | CIVIL ACTION NO.: 2:22-cv-1258-BHH<br><br>**COMPLAINT**<br>(Jury Trial Demanded)<br><br>(Negligence; Negligent Entrustment; Negligent Hiring, Retention, Training, and Supervision) |

Ashley Uptegraft ("Plaintiff"), by and through the undersigned attorneys and complaining of the Defendants above-named, would allege and show unto this Honorable Court the following:

### JURISDICTION AND VENUE

1. That a motor vehicle collision which caused serious injury and significant damages to Plaintiff occurred on or about May 23, 2019, in Georgetown County, State of South Carolina.

1. That at the time of the collision, Plaintiff was a citizen and resident of Charleston County, State of South Carolina.

2. That at the time of the collision, Defendant Zachary Leon Shepherd ("Shepherd") was, upon information and belief, a citizen and resident of Douglas County, State of Georgia.

3. That at all times relevant hereto, Shepherd was, upon information and belief, a motor carrier pursuant to 49 C.F.R. 392.3, 49 C.F.R. 395.1, and 49 C.F.R. 395.8.

4. That at the time of the collision, Defendant Lin R. Rogers Electrical Contractors, Inc., d/b/a Rogers Electric ("Rogers Electric") was, upon information and belief, an electrical company with its principal place of business in the State of Georgia.

1

5. That at all times relevant hereto, Rogers Electric operated an electrical company engaged in interstate commerce, and regularly and systematically conducted affairs and business activities in Georgetown County, State of South Carolina.

6. That pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the parties to this action and subject matter jurisdiction over the claims asserted as there is complete diversity of citizenship amongst the parties and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

7. That in accordance with 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Charleston Division of the District of South Carolina as the alleged acts or omissions of the Defendants above-named occurred in Georgetown County, within the Charleston Division of South Carolina.

## **FOR A FIRST CAUSE OF ACTION**
(Negligence)

8. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

9. On or about May 23, 2019, at approximately 1:08 p.m., Plaintiff was a restrained driver of a motor vehicle traveling north on Highway 17 in Georgetown County, South Carolina.

10. On that same date and at that same time, Shepherd was operating a commercial motor vehicle owned, operated, and maintained by Rogers Electric and traveling north on Highway 17 in Georgetown County, South Carolina.

11. As Plaintiff slowed her motor vehicle for traffic, Shepherd, who was traveling too fast for conditions and violating a number of common law duties, ignored the prevailing traffic conditions and drove his vehicle directly into the rear of Plaintiff's vehicle.

12. Plaintiff was acting in a reasonably prudent and careful manner at all times pertinent hereto.

13. The subject collision occurred through no fault of Plaintiff.

14. Plaintiff possessed the right of way at all times pertinent hereto.

15. As a result of the collision, Plaintiff suffered substantial body trauma including, but not limited to, head, neck, and back injuries.

16. At all times relevant hereto, Shepherd was an employee, agent, and legal representative of Rogers Electric and acting in the ordinary course and scope of his employment with Rogers Electric.

17. Rogers Electric controlled the actions of Shepherd on May 23, 2019, and, therefore, is responsible for his actions and inactions on May 23, 2019.

18. The collision, injuries, and damages described in this Complaint were the direct, foreseeable, and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Shepherd who was acting in the course and scope of his employment, agency, and representation of Rogers Electric in the following particulars to wit:

   a. Failing to keep a proper lookout;

   b. Following too closely;

   c. Failing to maintain his vehicle under proper control;

   d. Failing to control his speed in order to do everything necessary to avoid colliding with another vehicle, in violation of S.C. Code § 56-5-1520;

   e. Failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing;

   f. Failing to take advantage of any last clear chance to avoid striking the Plaintiff when he saw, or should have seen, Plaintiff's vehicle in the roadway;

   g. Failing to yield the right of way to Plaintiff, in accordance with S.C. Code Ann. § 56-5-580, when the vehicle occupied by Plaintiff possessed the right of way at all times pertinent hereto;

   h. Driving a commercial motor vehicle in such a manner as to indicate a willful, wanton, reckless, grossly negligent, and negligent disregard for the safety of others, in violation of S.C. Code Ann. § 56-5-2920;

i. Failing to have due regard for the speed of such vehicles and the traffic upon and the condition of the roadway, in violation of S.C. Code Ann. § 56-5-1930;

j. Recklessly operating a commercial motor vehicle in such a manner as to indicate a willful or wanton disregard for the safety of persons and property, in violation of S.C. Code Ann. § 56-5-2920;

k. Operating an unsafe commercial motor vehicle, in violation of S.C. Code Ann. §§ 56-5-4410 and 56-5-5310;

l. Failing to operate a commercial motor vehicle with a valid medical certificate, as required by the Federal Motor Carrier Safety Regulations ("FMCSR");

m. Failing to operate a commercial motor vehicle in the manner required by the FMCSR, including in violation of Hours of Service rules;

n. Failing to operate a commercial motor vehicle in the manner required by the professional standards established by South Carolina, including in violation of Hours of Service rules;

o. Failing to properly maintain, inspect, service and repair the tractor and trailer, in violation of the FMCSR and state laws;

p. Failing to properly perform and document the pre- and post-trip inspections, in violation of the FMCSR and state laws; and

q. In such other and further particulars as the evidence at trial may show.

All of which acts and omissions, or both, were the actual, direct, and proximate result of the damages and injuries claimed herein.

19. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Rogers Electric and Shepherd as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause, her pain, suffering, mental anguish, emotional distress, permanent impairment, increased susceptibility to future injury, loss of enjoyment of life, lost wages, and other damages.

20. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Rogers Electric and Shepherd as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

## FOR A SECOND CAUSE OF ACTION
(Negligent Entrustment)

21. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

22. Rogers Electric knew or should have known that Shepherd was untrained and incapable of operating his commercial motor vehicle in the manner as required by federal and state law and regulations, as well as industry standards.

23. Rogers Electric knew or should have known that Shepherd's inexperience and lack of training was evidence that he was incapable of complying with federal and state law and regulations, as well as industry standards, and was, therefore, a reckless driver.

24. Rogers Electric entrusted a commercial motor vehicle to Shepherd despite knowing that he lacked proper training and experience.

25. Rogers Electric entrusted a commercial motor vehicle to Shepherd despite knowing that he lacked the required medical certificate.

26. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Rogers Electric and Shepherd as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause, her pain, suffering, mental anguish, emotional distress, permanent impairment, increased susceptibility to future injury, loss of enjoyment of life, lost wages, and other damages.

27. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Rogers Electric and Shepherd as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**FOR A THIRD CAUSE OF ACTION**
(Negligent Hiring, Training, Retention, and Supervision)

28. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein verbatim.

29. Rogers Electric owed statutory and common law duties to Plaintiff to refrain from negligently hiring, supervising, and/or retaining commercial truck drivers incapable of complying with all provisions of federal and state law and regulations, as well as industry standards.

30. Rogers Electric failed to properly review, interview, and/or interact with Shepherd prior to hiring Shepherd as a commercial truck driver.

31. Rogers Electric knew or should have known that Shepherd lacked the proper training, experience, and ability to comply with all provisions of federal and state law and regulations, as well as industry standards.

32. Rogers Electric knew or should have known that Shepherd lacked the required medical certificate to operate a commercial motor vehicle.

33. Rogers Electric knew or should have known that Shepherd's inexperience, lack of training, and inability to comply with the FMCSR was evidence that he was unable to comply with federal law, state law, and industry standards and was, therefore, a reckless driver.

34. Rogers Electric failed to comply with the FMCSR prior to utilizing Shepherd as a commercial truck driver.

35. Rogers Electric failed to properly supervise and train Shepherd, in violation of the FMCSR, federal and state law and regulations, and industry standards.

36. Rogers Electric allowed Shepherd to continue to operate a commercial motor vehicle without the most basic training, in violation of the FMCSR, federal and state law and regulations, and industry standards.

37.     As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Rogers Electric and Shepherd as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause, her pain, suffering, mental anguish, emotional distress, permanent impairment, increased susceptibility to future injury, loss of enjoyment of life, lost wages, and other damages.

38.     Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Rogers Electric and Shepherd as set out above, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

39.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for the following:

i.   Judgment against Defendants for actual and punitive damages in an amount to be determined by the jury;

ii.  For the costs of this action including interest from the date of filing of this Complaint, and a reasonable attorney's fee be taxed against the Defendants; and

iii. For such other and further relief as this court deems just and proper.

**PIERCE SLOAN**
**KENNEDY & EARLY LLC**
321 East Bay Street
Post Office Box 22437
Charleston, SC 29401
(843) 722-7733

*s/ J. Morgan Forrester*
Allan P. Sloan, III (Fed. ID 6268)
J. Morgan Forrester (Fed. ID 12129)
Robert Richard Gergel (Fed. ID 13170)
Edward J. McAlpine, III (Fed. ID 13532)
chipsloan@piercesloan.com
morganforrester@piercesloan.com
richardgergel@piercesloan.com
treymcalpine@piercesloan.com
*Attorneys for Plaintiff*

April 19, 2022
Charleston, South Carolina